# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:08cv476

| | |
|---|---|
| MARTHA L. WYNHOFF, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 12] and the Defendant's Motion for Judgment on the Pleadings [Doc. 14].

## I. PROCEDURAL HISTORY

Plaintiff filed applications for a period of disability, Disability Insurance Benefits, and Supplemental Security Income payments on March 6, 1997, alleging disability since May 31, 1992. [Transcript ("T.") 11; Plaintiff's Brief ("Pl.'s Br."), Attachment B at 5]. Plaintiff's claims were denied initially and on reconsideration, and a request for a hearing before an administrative law judge ("ALJ") was filed on March 20, 1998. [T. 11; Pl.'s Br., Attachment B at

5]. Plaintiff also filed new applications on November 18, 1997. They were considered together with the earlier applications at the hearing. [T. 11; Pl.'s Br., Attachment B at 5]. That hearing was held before ALJ Anthony Fava on November 11, 1998, at which Plaintiff, who was represented by counsel, appeared and testified. [T. 11; Pl.'s Br., Attachment B at 5]. The ALJ considered the March 1997 and November 1997 applications. He also considered a prior application filed on May 8, 1996, which was denied on July 19, 1996, and which Plaintiff had not appealed. [T. 11; Pl.'s Br., Attachment B at 5]. ALJ Fava issued a decision on January 20, 1999, in which he found that Plaintiff was not disabled because she did not have any severe impairments. [T. 11; Pl.'s Br., Attachment B at 5]. The Appeals Council denied review, which rendered the ALJ's decision the final decision of the Commissioner. Plaintiff filed a civil action in this Court, which vacated the ALJ's decision and remanded the case to the ALJ for further administrative proceedings. [T. 12; Pl.'s Br., Attachment B at 5].

A second administrative hearing was held on September 11, 2002, before ALJ Kenneth M. Powell. [T. 12; Pl.'s Br., Attachment B at 5-10]. Plaintiff, represented by an attorney, appeared and testified at the hearing. [T. 12; Pl.'s Br., Attachment B at 5]. There, Plaintiff amended her alleged

disability onset date to September 28, 1994. [T. 12; Pl.'s Br., Attachment B at 5]. After the hearing, Plaintiff, through her attorney, requested a closed period of disability beginning September 28, 1994, through October 20, 1998, at which time Plaintiff's disability ended due to medical improvement related to the ability to work. [T. 12; Pl.'s Br., Attachment B at 5-6]. In a decision dated December 9, 2002, ALJ Powell determined that based on her application for benefits filed May 8, 1996, Plaintiff was under a disability from September 28, 1994, to October 20, 1998, at which time her condition improved and her disability ceased. This decision became the final decision of the Commissioner because Plaintiff did not request review of the ALJ's decision by the Appeals Council within the thirty (30) day time period. [T. 12; Pl.'s Br., Attachment B at 1-2]. Similarly, Plaintiff did not file a civil action with this Court challenging the ALJ's December 9, 2002, decision. In the instant claim, Plaintiff protectively filed applications for a period of disability, Disability Insurance Benefits, and Supplemental Security Income payments on July 18, 2003, claiming that she became disabled on October 21, 1998, the day after her disability ceased, as found in ALJ Powell's decision. [T. 47-50, 55]. Her applications were denied both initially and upon reconsideration. [T. 30-35]. Plaintiff requested an administrative hearing. [T. 36]. ALJ S.D. Schwartzberg held a hearing on March 21, 2008, at which Plaintiff, who appeared with a

representative, testified. [T. 553-564]. On March 28, 2008, the ALJ issued a notice of dismissal in which he dismissed Plaintiff's request for hearing on the basis of *res judicata*. [T.11-13]. The ALJ explained that the facts and issues in Plaintiff's current claim for Disability Insurance Benefits were the same as the facts and issues resolved by the December 9, 2002, decision of ALJ Powell. [T. 12]. As the issue of Plaintiff's disability for the period between October 20, 1998, and December 9, 2002, was previously determined by ALJ Powell, the ALJ dismissed Plaintiff's request for hearing. [T. 13]. This became the final decision of the Commissioner on July 31, 2008, when the Appeals Council denied Plaintiff's request for review. [T. 5-6]. Plaintiff has exhausted her administrative remedies and this case is now ripe for review under 42 U.S.C. section 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. § 405(g).  The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below.  Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## IV.  FACTS AS STATED IN THE RECORD

The basis of this appeal is strictly procedural.  The few facts of record that are relevant to this decision are presented in the Discussion section.

## VI.  DISCUSSION

Plaintiff raises one assignment of error.  It is that ALJ Schwarzberg erred in dismissing Plaintiff's request for hearing on the basis of *res judicata*.

The Commissioner's regulations explain that if a claimant is dissatisfied with a decision made during the administrative process, but does not request further review within the stated time period, the claimant loses her right to further review and that decision becomes final for purposes of the application of *res judicata*. 20 C.F.R. § 404.987(a); Social Security Ruling ("SSR") 91-5p. If the claimant files another application for benefits based on the same facts and on the same issues, and the previous decision has become final by either administrative or judicial action, the doctrine of *res judicata* applies. 20 C.F.R. § 404.957(c)(1). The doctrine of *res judicata*, as it is applied in Social Security claims, protects the Agency from having to consider repeatedly a claim for benefits filed by the same person, on the same issue, and on the same facts on which a final decision has been issued. Program Operations Manual System ("POMS") GN 04040.010(c).

Here, Plaintiff did not request review of ALJ Powell's decision. She was duly notified of her appeal rights in the same manner as all claimants are, and does not contest the sufficiency of this notice.

Plaintiff's date last insured for purposes of her application for Disability Insurance Benefits is September 30, 2000. [T. 51]. In order to qualify for Disability Insurance Benefits, Plaintiff must establish that she became

disabled on or before her date last insured. 42 U.S.C. §§ 423(a)(1)(A), (c)(1). [T. 12, 20; Pl.'s Br., Attachment B at 8-10].

Plaintiff now appeals, arguing that the timing of the ALJ's decision, entered after her date last insured (September 30, 2000), prejudiced her by preventing any consideration of her claim for disability during the period October 21, 1998 to September 30, 2000. Yet the very decision about which she complains included consideration of that time period. Her remedy for the rejection of her claim for that period was to appeal. She chose, however, not to appeal. Her current convoluted argument, essentially asking the Court to ignore the doctrine of *res judicata*, presents no basis in law or equity for the Court's suspending application of this doctrine or for its application of the Social Security Administration's regulations for reopening her case.

The Court has searched the record to satisfy itself whether any basis in law or equity exists to reopen. Available bases include good cause under 20 CFR 404.911 or 416.1411, the technical reasons and status changes set out in 20 CFR 404.988, and new and material evidence or error on the face of the decision under 20 CFR 404.989.

Plaintiff has made no prima facie showing of mental incompetence preventing her from making a timely appeal, so the ALJ had no obligation to perform the evidentiary examination required in such events in this Circuit

7

under AR 90-4(4). Nor has she shown any other circumstance constituting good cause under 20 CFR 404.911 or 416.1411 for her failure to timely appeal.

None of the conditions for reopening under 20 CFR 404.988 is argued or appears of record.

Under 20 CFR 404.989, new and material evidence, if submitted, could constitute such a basis. The Court has looked for signs that any new and material evidence was submitted after the Powell hearing. The administrative record contains several hundred pages of medical records. Those from the period between the date her first benefits period expired, October 21, 1998, and her date last insured, September 30, 2000, could potentially be relevant. Of the 426 pages of records that Plaintiff apparently submitted at the hearing before ALJ Schwartzberg after which her request for hearing was dismissed, only 11 pages pertain to that relevant period. None of those, however, remotely suggest any disabling impairments. [T. 192-3, 206, 241-248]. The vast majority of the evidence in the administrative transcript comes from the period 2005 to the present. Moreover, the dates of the 11 pages from the potentially relevant period suggest those pages would have been available for ALJ Powell to review at the September 11, 2002 hearing. It is ALJ Powell's decision from which Plaintiff failed to appeal. Nothing in the record suggests

that those pages, or Dr. Uhren's records for dates through the date of that hearing, were not submitted to ALJ Powell.  As such, it appears that no new evidence for the relevant period was before ALJ Schwarzberg when he entered his decision.  Plaintiff presents nothing to the contrary.

There being no exception to the rule of *res judicata* proffered by Plaintiff or found by this Court, ALJ Schwartzberg's March 28, 2008 decision dismissing Plaintiff's request for hearing was based on proper legal standards and supported by substantial evidence.  It is affirmed.

## VII.  CONCLUSION

For the foregoing reasons, the Court concludes that the ALJ applied the correct legal standards and that there is substantial evidence to support the ALJ's dismissal of Plaintiff's August 18, 2006 request for hearing.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 12] is **DENIED**; the Defendant's Motion for Judgment on the Pleadings [Doc. 14] is **GRANTED**; and the Commissioner's decision is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**, and judgment shall issue simultaneously herewith.

**IT IS SO ORDERED.**

Signed: March 24, 2010

Martin Reidinger
United States District Judge